MEXICAN PRODUCTS CO. *v.* UNITED STATES

No. 4730.—Entered at Laredo, Tex., September 18, 1935.
Entry No. 191–L.

(Decided February 19, 1940)

*Philip Stein* for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Charles J. Miville* and *William J. Vitale*, special attorneys), for the defendant.

TILSON, Judge: The question involved in this appeal to reappraisement is the proper dutiable values of certain palm leaf baskets and other articles imported from Mexico and entered at Laredo, Tex., on September 18, 1935. The merchandise was entered at the invoice prices and was appraised at values which represent an advance of from 25 to 50 per centum over the entered values.

At the trial of this case counsel for the appellant made the following statement:

In submitting I would like to stress the fact that our contest in this case has been confined solely to the advance in value as stated by the appraiser and shown upon the invoices. We do not question the value so far as it relates to foreign or export, the appraiser found export, (foreign), but solely as to the basis at which he arrived at the advance. (Parenthesis supplied.)

The question of the proper basis of appraisement, whether foreign or export values, is not one of the material issues in this case. The appraiser appraised on the basis of foreign value and the plaintiff does not question that as the proper basis of appraisement. Since the appraisement is presumptively correct and there is no evidence to show that foreign value is not the proper basis of appraisement, I find that the proper basis of appraisement was foreign value

No question is raised in this case as to the usual wholesale quantities of the merchandise, and since the presumptively correct appraisement included a finding of a usual wholesale quantity, it follows that the appraiser found the quantities shown on these invoices to be usual wholesale quantities. On this point the witness for the appellant testified at the trial that this importer sells this merchandise to department stores and shops and that the importer does not sell to consumers; that the quantity in which the merchandise is purchased makes no difference, the prices are the same. This witness further testified that the importer herein was engaged in the wholesale business and nothing but the wholesale business; that this merchandise was purchased for sale to retailers, for resale; that in purchasing this merchandise he dealt with the seller as a wholesaler and not as a retailer, and that no matter in what quantity the merchandise was purchased, the price would be the same.

The above testimony stands without contradiction and is ample to establish that the merchandise in this case was purchased from a wholesaler, and was sold to either wholesalers, or to retailers, for resale, and that the price at which the article is sold does not vary according to the quantity sold.

In the case of *Jenkins Bros.* v. *United States*, 25 C. C. P. A. 90, T. D. 49093, the appellate court, in dealing with a very similar situation, held as follows:

The question therefore is, may sales to retailers * * * for resale, be considered in determining what are usual wholesale quantities in the sale of merchandise such as is here involved. Appellant has cited no authority to the effect that it is improper to take into consideration sales to retailers, for resale, in determining what are usual wholesale quantities.

\* \* \* \* \* \* \*

We find no error in the decision of the appellate division, holding that it is proper to consider sales * * * by the exporter to retailers purchasing for resale, together with other sales in wholesale quantities, in determining the usual wholesale quantity * * *.

\* \* \* \* \* \* \*

Of course, where the price at which an article is sold does not vary according to quantities sold, no question of usual wholesale quantity can arise, and in such case a single article may sometimes be regarded as a usual wholesale quantity.

Applying the principles laid down by the appellate court in the above quotations to the facts in this case, I find that the sales to

wholesalers or to retailers, for resale, which are the quantities shown on the invoices in this case, must be considered as sales in wholesale quantities, and that since the price at which an article is sold does not vary according to quantities sold, no question of usual wholesale quantity can arise in this case, and that a single article may be regarded as a usual wholesale quantity.

During the trial of the case counsel for the Government offered and there was admitted in evidence and marked Exhibit 1, a price list or catalog dated September 25, 1935, and the court's particular attention was invited to pages 38 and 39 thereof. An examination and comparison of the prices shown on said Exhibit 1 with the values of this merchandise found by the appraiser shows that the merchandise was appraised at the exact unit prices shown on said Exhibit 1, net packed, less discounts of 33⅓ per centum. In arriving at said values it appears that the appraiser reduced the unit values by 33⅓ per centum of the unit values shown on said Exhibit 1, which is the equivalent of the unit catalog prices, net packed, less discounts of 33⅓ per centum.

After a careful examination of this entire record I find that the proper dutiable foreign values of the merchandise in question are the values found by the appraiser. Judgment will be rendered accordingly.